FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 11 2025   ★

LONG ISLAND OFFICE

RECEIVED
JUL 11 2025
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
JUL 11 '25 PM 2:49

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KAREEMA NEVELS**<br>**Plaintiff**<br><br>v.<br><br>**TRANSUNION, LLC and**<br>**EXPERIAN INFORMATION**<br>**SOLUTIONS, INC**<br>**Defendants** | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) **Case No.** 25-cv-3446<br>) BROWN<br>) LOCKE<br>)<br>)<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, Kareema Nevels, respectfully alleges the following:

### PRELIMINARY STATEMENT

The Fair Credit Reporting Act (hereinafter FCRA) regulates consumer reporting; Congress enacted the statute to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Congress recognized that a consumer is not always given access to the information in their files and enacted Section 609(a) requiring a consumer reporting agency (hereinafter CRA) to clearly and accurately disclose to the consumer all information in the consumers file at the time of request regardless of how the information is stored. The Consumer Financial Protection Bureau (hereinafter CFPB) has emphasized that "to trigger a consumer reporting agency's file disclosure requirement under FCRA section 609(a), a consumer does not need to use specific language, such as 'complete file' or 'file,'" and that consumer reporting

1

agencies must disclose complete information including all sources. See CFPB Advisory Opinion on Fair Credit Reporting; File Disclosure, 89 Fed. Reg. 4167 (Jan. 23, 2024).

## I.    INTRODUCTION

1.    This is a civil action for actual damages, statutory damages and punitive damages and costs brought by Kareema Nevels (herein after Plaintiff), an individual consumer, against Defendants, TransUnion, LLC (hereinafter TransUnion) and Experian Information Solutions (hereinafter Experian) pursuant to the FCRA 15 U.S.C. §1681 et seq.

## II.    JURISDICTIONAND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C. §1681p and 28 U.S.C. § 1331 because the complaint alleges federal claims under the FCRA.

3.    The venue is proper in that both Defendants transacts business in this District, and the conduct complained of in this District is where the Plaintiff resides West Babylon, New York.

## III.    PARTIES

4.    Plaintiff Kareema Nevels is a natural person and "consumer" as defined by 15 U.S.C. §1681a(c) residing at 91 Chelsea Avenue West Babylon, New York.

5.    Defendant, TransUnion is a consumer reporting agency as defined by 15 U.S.C. §1681a(f) with principal place of business is located at 555 W. Adams St Chicago, IL 60661.

6.    Upon information and belief TransUnion's registered agent for service of process is Chief Executive Officer Chris Cartwright and can receive service of process at 555 W. Adams St Chicago, IL 60661.

7.    Defendant, Experian is a consumer reporting agency as defined by 15 U.S.C. §1681a(f) with principal place of business located at 475 Anton Blvd, Costa Mesa, CA 92626.

8.    Upon information and belief Experian's registered agent for service of process in New York is C T Corporation system located at 28 Liberty Street, New York NY 10005.

## IV.    FACTS OF THE COMPLAINT

9.    Prior to requesting full file disclosure from the Defendants, Plaintiff received denial letters citing information in credit reports maintained by Defendants. In December 2024, Plaintiff received a loan denial letter that citing Experian and TransUnion reports. In February 2025, Plaintiff received a denial letter stating a $866.74 request was denied for "exceeded available limit to spend."

10.    These denial letters indicated potential problems that required comprehensive investigation. Plaintiff recognized the need to obtain complete file disclosures from all major consumer reporting agencies to identify potential issues and exercise dispute rights under the FCRA. Courts have recognized that consumers need not use specific terminology to trigger file disclosure obligations. See *Kelly v. RealPage, Inc.*, 47 F.4th 202, 219-20 (3d Cir. 2022).

11.    As a direct and proximate result of receiving denial letters and recognizing the need to comprehensively investigate credit problems across all consumer reporting agencies, Plaintiff made requests for her complete file disclosures to exercise Plaintiff's statutory rights under 15 U.S.C. §1681g(a). Plaintiff was aware of some negative reporting under credit files from previous experience and had disputed credit information in the past,

making Plaintiff particularly aware of the importance of obtaining complete file disclosures to identify and address all potential inaccuracies.

### V.    TRANSUNION'S SPECIFIC VIOLATIONS

12.    On April 30, 2025, Plaintiff sent a written request to TransUnion for a complete disclosure of all information in Plaintiff's consumer file as maintained by TransUnion, as permitted under 15 U.S.C. §1681g(a).

13.    This request included proper identification (copies of Plaintiff's driver license, social security card, and a current utility bill). This request was sent via United States Postal Service (hereinafter USPS) with tracking # 9589 0710 5270 2462 3463 72.

14.    On or about, May 2, 2025, USPS marked tracking # 9589 0710 5270 2462 3463 72 as picked up at a postal facility at 1:34 pm.

15.    TransUnion responded May 6th stating "After reviewing your correspondence, we are unable to process your request because we were unable to determine the nature of your request or your request was illegible. To investigate information contained in your credit report, please type or print the account name and number, and specify why you are disputing it (for example, 'this is not my account', 'I have never paid late,' etc.). TransUnion sent a "Disclosure Request Form" seeking a credit report request rather than acknowledging Plaintiff's statutory file disclosure demand.

16.    May 14, 2025 Plaintiff sent TransUnion a second request for Plaintiff's full consumer file disclosure with proper identification (copies of Driver License, Social Security Card, and a current utility bill for proof of address) and sent this written request via USPS certified mail with tracking # 9589 0710 5270 2274 1890 20

4

17.    USPS updated tracking # 9589 0710 5270 2274 1890 20 as delivered on May 19, 2025 at 2:36 pm.

18.    On May 21, 2025 Plaintiff received a standard credit report clearly labeled as such from TransUnion., not the complete file disclosure that was requested and required pursuant to 15 U.S.C. §1681(g)(a)(1). This document was identical to a standard credit report Plaintiff had previously obtained through normal channels.

19.    At no time did the Plaintiff request a copy of Plaintiff's credit report, Plaintiff specifically stated that Plaintiff's request for full consumer file disclosure was pursuant to 15 U.S.C. §1681(g)(a)(1).

## VI.    EXPERIAN'S SPECIFIC VIOLATIONS

20.    On May 14, 2025, Plaintiff sent Experian a written request for a complete disclosure of all information in Plaintiff's consumer file as maintained by Experian, as permitted under 15 U.S.C. §1681g(a)(1) with proper identification via United States Postal Service (hereinafter USPS) with tracking # 9589 0710 5270 2274 1890 37, delivered May 19, 2025 to the front desk, reception area at 3:28 pm.

21.    Experian responded May 24, 2025 via email to Plaintiff's personal email address stating "Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, **we were unable to honor your request or a portion** of it based on the limited amount of information regarding your **dispute**," seeking dispute details rather than providing file disclosure. This email response was sent to the Plaintiff's personal email address in response to Plaintiff's mailed written request, not through any online account portal or service subject to arbitration agreements. Plaintiff's claims arise solely from Experian's failure to comply with statutory file disclosure obligations under federal law, not from any online account terms or services.

22.    On June 4, 2025 Plaintiff sent Experian a second request for Plaintiff's full consumer file disclosure explicitly stating that no dispute was requested, delivered to an individual on June 7, 2025 at 2:27 pm (USPS tracking # 9589 0710 5270 0747 0668 16).

23.    On June 13, 2025 Experian sent an identical email response processing Plaintiff's file disclosure request as an unauthorized dispute despite explicit instructions not to do so.

24.    Experian's unauthorized dispute processing blocked Plaintiff's access to her own credit report during the dispute period, causing immediate concrete harm and preventing Plaintiff from accessing her own credit information. Plaintiff documented this blocked access with photos of the computer screen on May 19, 2025 (the same day her first request was delivered) and again on June 11, 2025 (four days after her corrected request explicitly rejecting dispute processing was delivered), showing Experian's website displayed messages stating "a condition exists that prevents Experian from being able to accept your request at this time".

## VII.    COMMON VIOLATIONS AND DAMAGES

25.    As a direct result of Defendant's violations preventing comprehensive credit file review, Plaintiff has been forced to delay necessary vehicle replacement despite urgent transportation needs. Plaintiff's current vehicle is a 2010 model with over 180,000 miles, requiring costly repairs and is unreliable affecting Plaintiff's ability to work and meet personal obligations. Due to Defendant's failure to provide complete file disclosures, Plaintiff cannot identify and correct credit inaccuracies that directly impact automotive financing rates and approval, forcing continued operation of an unreliable vehicle while vehicle prices continue to increase daily.

26.    Violations by both Defendants are documented and are in possession of the Plaintiff.

27.    Despite Plaintiff's valid requests with proper identification, both Defendant's failed to provide complete file information including: (a) Internal or archived account data; (b) Suppressed or obsolete account data; (c) proprietary or third-party data used in risk assessments; (d) The names of the entities to whom Plaintiff's information was provided; (e) Records of previously filed disputes by Plaintiff with each Defendant and the results of reinvestigations conducted by each Defendant; (f) Documentation of TransUnion's reinvestigation procedures and findings; (g) other data used in decision-making that is required to be disclosed under 15 U.S.C. §1681g.

28.    The systematic withholding of multiple categories of required information demonstrates both Defendant's deliberate failure to comply with section 609(a), consistent with regulatory findings and TransUnion's $15 million CFPB settlement for similar violations.

29.    As a result of both Defendant's failure to provide full file disclosures, Plaintiff was deprived of Plaintiff's federally protected right to access Plaintiff's complete consumer file, constituting an informational injury that denies Plaintiff knowledge of information about Plaintiff that federal law guarantees Plaintiff has a right to know. This informational injury is concrete and particularized because Plaintiff has a statutory right to this specific information, and the denial prevents Plaintiff from exercising other FCRA rights including the right to dispute inaccuracies.

30.    Plaintiff has suffered actual damages including:

a. **Credit Denials**: Denial letters from One Main Financial and AfterPay US Services, LLC prompted Plaintiffs need for comprehensive investigation prevented by Defendant's failures to provide Plaintiff's full consumer file.

b. **Higher Interest Rates**: Approximately 29% APR on credit cards due to inability to identify and accurately dispute the information that would have been revealed in a complete file disclosure.

c. **Vehicle Replacement Delay**: Plaintiff requires reliable transportation and has been forced to delay necessary vehicle replacement due to Defendant's violations preventing comprehensive credit file review and correction of inaccuracies that directly impact automotive financing rates and approval. This delay forces continued operation of a 2010 vehicle with over 180,000 miles requiring costly repairs while vehicle prices continue to increase daily. The informational injury is particularly acute given Plaintiff's immediate need to review complete credit information for vehicle financing purposes.

d. **Transportation-Related economic Harm**: Ongoing vehicle repair costs, lost work opportunities due to unreliable transportation, inability to pursue ride-share income opportunities due to vehicle unreliability.

e. **Informational Injury**: Concrete injury from being denied federally protected access to complete file information.

f. **Blocked Credit Access**: Experian's unauthorized dispute processing prevented Plaintiff from accessing Plaintiff's own credit report on two documented occasions (May 19, 2025 and June 11, 2025), causing additional informational injury and denial of credit monitoring capabilities

8

g. **Time Loss and Costs**: Suffered from making repeated requests to obtain file disclosures from both Defendant's.

h. **Emotional Distress**: Emotional distress including anxiety, frustration, and helplessness due to both Defendant's continued violations of federally protected rights and inability to address urgent transportation needs.

i. **Continuing and Escalating Damages**: All damages continue to accrue daily, with vehicle pricing increasing and transportation reliability decreasing, creating escalating financial harm and will persist until both Defendant's complies with the FCRA requirements.

31.    Both Defendant's conduct was willful and in reckless disregard of the Plaintiff's rights under the FCRA because : (a) Both knew or should have known of its obligations under 15 U.S.C. §1681g(a) ; (b) Plaintiff's requests were extraordinarily clear with precise statutory citations leaving no ambiguity about what was being requested; (c) Both Defendants continued to violate federal law despite this explicit warning; (d) TransUnion falsely claimed requests were "illegible" while redirecting to credit reports; (e) Experian repeatedly processed file requests as unauthorized disputes causing blocked access to credit reports; (f) Both Defendants have documented FCRA violation histories including, TransUnion's $15 million settlement with the CFPB; (g) Both caused concrete, quantifiable harm to Plaintiff including vehicle replacement delay and escalation transportation costs in addition to informational injury from denying Plaintiff access to information about herself that Plaintiff has a federally protected right to know; (h) Both chose different but equally improper responses demonstrating systematic evasion of

9

statutory obligations; (i) The time sensitive nature of the Plaintiff's transportation needs makes their continued violations particularly egregious, causing daily escalating harm.

## VIII.  FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681g(a)
### TransUnion, LLC

32.    Plaintiff re-alleges and reincorporates all previous paragraphs. Plaintiff has standing to bring this claim as Plaintiff has suffered concrete informational injury from being denied access to her complete consumer file. See *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021).

33.    TransUnion violated 15 U.S.C. § 1681g(a) of the FCRA by repeatedly failing to comply with Plaintiff's requests for consumer full file disclosure.

34.    As a direct result Plaintiff suffered actual damages including the informational injury, inability to exercise dispute rights, vehicle replacement delay, escalating transportation costs, time loss, costs, and continuing harm.

35.    TransUnion was negligent and willful at all times.

## IX.    SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681g(a)
### Experian Information Solutions, Inc.

36.    Plaintiff re-alleges and reincorporates all previous paragraphs. Plaintiff has standing as she suffered concrete informational injury from being denied access to her complete consumer file. See *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021).

37.    Experian violated 15 U.S.C. § 1681g(a) of the FCRA by repeatedly failing to comply with Plaintiff's requests for consumer full file disclosure.

38.    Experian was negligent and willful at all times.

## X.   THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(5)(A)
### Experian Information Solutions, Inc

39.    Plaintiff re-alleges and reincorporates all previous paragraphs

40.    Experian violated 15 U.S.C. § 1681i(a)(5)(A) by improperly restricting Plaintiff's access to Plaintiff's credit report during unauthorized dispute processing that Plaintiff explicitly rejected and demanded be removed from Plaintiff's file.

41.    As a direct result, Plaintiff suffered additional informational injury, denial of credit monitoring capabilities, and inability to access Plaintiff's own credit information during critical periods when Plaintiff needed to review Plaintiff's credit for vehicle financing purposes.

42.    Experian was negligent and willful at all times.

## XI.   JURY DEMAND AND PRAYER RELIEF

WHEREFORE, Plaintiff, Plaintiff respectfully requests a jury trial and requests judgment be entered in favor of Plaintiff and against both Defendants, for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) against both Defendants for each willful violation.

B. Actual damages pursuant to 15 U.S.C. §1681o(a)(1) against both Defendants including vehicle replacement delay costs, escalating transportation expenses, repair costs, lost income opportunities, and all continuing damages.

C. Costs of action pursuant to 15 U.S.C §1681n(a)(3) and 15 U.S.C. §1681o(b) against both Defendants.

D. Punitive damages pursuant to 15 U.S.C §1681n(a)(2) for both Defendants willful violations demonstrating systematic disregard for consumer rights.

E.   An order requiring Defendant to immediately provide plaintiff's complete consumer file disclosure as required by 15 U.S.C. § 1681g (a) and remove all unauthorized dispute processing from Plaintiff's file.

F.   For such other and further relief as the court may deem just and proper.

Respectfully submitted:
July 11, 2025

Kareema Nevels
91 Chelsea Avenue
West Babylon, NY 11704
646-246-9915
Knevels78@gmail.com

12