UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KAREEMA NEVELS,

                    Plaintiff,

   -against-

TRANSUNION, LLC and EXPERIAN
INFORMATION SOLUTIONS, INC.,

                   Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
25-CV-3446(GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, on referral from the Honorable Gary R. Brown for Report and Recommendation,[1] is Defendant TransUnion, LLC's ("TransUnion") motion to dismiss Plaintiff Kareema Nevels's ("Plaintiff" or "Nevels") Amended Complaint as to it pursuant to Rule 12(b)(6) of the Federal Rules of Federal Procedure ("Fed. R. Civ. P.") for failure to state a claim. *See* Docket Entry ("DE") [56]. Nevels opposes the motion. DE [56-3]. For the reasons set forth herein, the Court respectfully recommends that the motion to dismiss be granted in part and denied in part.

---

[1] By way of an August 11, 2025 Electronic Order, Judge Brown referred all dispositive pre-trial motions to this Court for report and recommendation.

## I.      BACKGROUND

### A.      <u>Relevant Facts</u>[2]

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).  *See* Amended Complaint ("Am. Compl."), DE [31], ¶ 4.  TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).  *Id.* at ¶ 5.  On April 30, 2025, Plaintiff sent a typewritten "Full File Disclosure Request Pursuant to 15 U.S.C. §1681g(a)(l)" to TransUnion, writing "Please send me in writing all information in my consumer file as of the date you receive this letter regardless of how or where it is stored pursuant to 15 U.S.C. §1681g(a)(l)."  *Id.* at ¶  13.

On May 6, 2025, TransUnion responded to Plaintiff, stating that it was "unable to determine the nature of [her] request or [her] request was illegible."  *Id.* at ¶ 14. Nevels claims that the response was improper, as her request was typewritten and that "[n]o reasonable interpretation supports claiming a clearly typewritten letter with explicit statutory citations [was] 'illegible.'"  *Id.*  She further alleges that TransUnion's response included a "Disclosure Request Form," which, according to her, demonstrated that "TransUnion could read the request well enough to know it was credit-related but chose not to comply."  *Id.*

On May 14, 2025, Plaintiff sent TransUnion a second request for her "full consumer file disclosure . . . ."  *Id.* at ¶ 15.  On May 21, 2025, TransUnion provided a "standard credit report," which Nevels alleges she "had previously obtained through

---

[2] The facts are drawn from the Amended Complaint and accepted as true for purposes of this Report and Recommendation.  *Trade Pay LLC v. Horowitz*, No. 21-CV-442(ENV)(ARL), 2023 WL 12030712, at *1 n.1 (E.D.N.Y. Oct. 5, 2023) ("Because the instant motion is a motion to dismiss, all facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in plaintiff's favor.").

normal channels," and which was not the "complete file disclosure that was requested and required pursuant to 15 U.S.C. §168l(g)(a)(l)."  *Id.* at ¶ 16.

### B.   **Procedural Background**

#### 1.   Pleadings and the Instant Motion

By way of a Complaint ("Compl.") dated July 11, 2025, Plaintiff commenced this action against both Defendants, asserting a single claim against TransUnion arising under 15 U.S.C. §168lg(a) and two claims against Experian arising under 15 U.S.C. §168lg(a) and 15 U.S.C. §168li(a)(5)(A).  DE [1].  On September 25, 2025, Nevels filed the Amended Complaint, which is the operative pleading in this action. DE [31].  In the Amended Complaint, the claims against Experian are the same, but Nevels asserts an additional cause of action against TransUnion, which, like her initial claim, also arises under 15 U.S.C. §168lg(a).  *See* Am. Compl. ¶¶ 28-33.  She alleges that, while both claims against TransUnion arise under 15 U.S.C. §168lg(a), the first is for "Improper Illegible Response" and the second is for "Inadequate File Disclosure."  *Id.*

Experian answered the Amended Complaint on November 7, 2025.  *See* DE [52].  On November 24, 2025, TransUnion filed the instant motion to dismiss the Amended Complaint, which Nevels opposes.  DE [56], [56-3].  In her opposition, Nevels requests that, in the event the Amended Complaint is dismissed, she be granted leave to file a second amended complaint.  *See* Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl.'s Opp'n"), DE [56-3], at 9.

## 2.    Plaintiff's Citations to Non-Existent Legal Authority

In an April 29. 2026 letter, Nevels acknowledged that, in opposition to TransUnion's motion to dismiss, she relied upon two cases and a purported Consent Order from the Consumer Financial Protection Bureau that "could not be independently verified" and that she "does not intend to rely upon any authority that cannot be independently confirmed." DE [75]. While not explicitly stated, the Court interprets Plaintiff's letter to mean that the authority at issue simply does not exist. In response, TransUnion suggests that the authority was generated by artificial intelligence and requests that Plaintiff be sanctioned. DE [76].

Plaintiff's letter explaining the source of the authority she cites is evasive, and the Court has serious concerns that this authority was generated using artificial intelligence without further review by Nevels. Even as a *pro se* litigant, Nevels is required to make accurate representations to the Court. *Butler v. Fidelity Mgmt. & Rsch. Co. LLC*, No. 25-CV-9337(RA)(RFT), 2026 WL 1175334, at *2 (S.D.N.Y. Apr. 30, 2026) ("[P]*ro se* litigants are obligated to review the cases cited in their filings to confirm that they exist, stand for the proposition for which they are cited, and contain any questions attributed to them."). Citing to falsified legal authority is categorically unacceptable and potentially sanctionable. *See Cartagena v. Dixon*, No. 25-CV-3552(JLR), 2026 WL 673811, at *5 (S.D.N.Y. Mar. 10, 2026) ("Sanctions may be imposed for submitting false or nonexistent legal authority to the Court.").

Nevertheless, because the apparently falsified authority that Plaintiff cites does not impact the Court's analysis, the Court declines to sanction the *pro se* Plaintiff

4

at this time, but admonishes her that further citations to non-existent legal authority will result in sanctions. *Reilly v. Conn. Interlocal Risk Mgmt. Agency*, No. 25-CV-640(VDO), 2025 WL 1726366, at *3 (D. Conn. June 20, 2025) ("Whether the issues with [the *pro se* plaintiff's] filings are the result of artificial intelligence or some other mistake, the Court cautions [the plaintiff] to ensure that future submissions to any court contain only accurate representations.").

## II.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).

It is well-established that pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se*

5

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citation omitted). The Second Circuit has held that a court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted).  Nevertheless, "the court need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist."  *Kwon v. Santander Consumer USA*, No. 15-CV-3352(SJF)(AKT), 2017 WL 5495811, at *3 (E.D.N.Y. Apr. 18, 2017) (internal quotation omitted).

## III.   DISCUSSION

Plaintiff asserts two causes of action against TransUnion arising under 15 U.S.C. § 1681g(a) for:  (1) "improper illegible response," and (2) "inadequate file disclosure." Am. Compl. ¶¶ 28-33.  The Court recommends dismissal of the first, but not the second.

### A.   15 U.S.C. § 1681g(a) Standard

The FCRA mandates that "'[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'"  *Claybrook v. CARCO Grp., Inc.*, No. 25-CV-162(SJB)(LGD), 2026 WL 74131, at *3 (E.D.N.Y. Jan. 9, 2026) (quoting 15 U.S.C. § 1681e(b)).  Pursuant to 15 U.S.C. § 1681g, "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer . . .

6

. [a]ll information in the consumer's file at the time of the request . . . ."  15 U.S.C. § 1681g(a)(1); *see Menton v. Experian Corp.*, No. 02 Civ. 468(NRR), 2003 WL 941388, at *2 (E.D.N.Y. Mar. 6, 2003) ("[E]ach consumer has the right to obtain the entirety of his file in the possession of a credit reporting agency 'on request.'").

### B.       Inadequate File Disclosure

Addressing the second cause of action first for the ease of analysis,  Nevels asserts that TransUnion violated the FCRA by "failing to provide complete file disclosure and instead providing only a standard credit report omitting documented dispute records and other required file information under current CFPB guidance." Am. Compl. ¶ 32.  Plaintiff claims that TransUnion's response "omitted categories of data that TransUnion demonstrably maintains internally, including dispute records, investigation results, and data-furnisher verification information."  Pl.'s Opp'n at 6.

The FCRA defines a "file" as "information on any consumer," which includes "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."  15 U.S.C. § 1681a(g). As TransUnion concedes, the "Second Circuit has yet to address the definition of the word 'file' for the purpose of the FCRA."  *See* TransUnion Memorandum in Support of Motion to Dismiss ("TransUnion Mem."), DE [56], at 3 (quoting *Wimberly v. Experian Info. Sols., Inc.*, No. 18 Civ. 6058(KPF), 2019 WL 6895751, at *7 (S.D.N.Y. Dec. 18, 2019)).  Nevertheless, other Courts have recognized that a credit file, as Plaintiff requested, is more comprehensive than a simple credit report, which is what TransUnion provided.  *See, e.g.*, *Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938,

941 (7th Cir. 2007) ("We have recently held that 'file' means the information contained in the consumer report produced by the consumer reporting agency."); *Taylor v. Screening Reports, Inc.*, 294 F.R.D. 680, 684 (N.D. Ga. 2013) (observing the "overall consumer oriented focus of the FCRA" and holding that the plaintiff was entitled to "his entire consumer file pursuant to § 1681g(a)" even where he made a "general request" to the reporting agency). Accordingly, merely providing a summary credit report does not necessarily satisfy a consumer's request for a credit file. *See Gillespie,* 484 F.3d at 941 ("We conclude that the consumer reporting agency must do more than simply make an accurate disclosure of the information in the consumer's credit file. The disclosure must be made in a manner sufficient to allow the consumer to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth in her credit file."); *Watkins v. Equifax Info. Servs., LLC*, No. 25-CV-524(DRC), 2025 WL 3763869, at *4 (S.D. Ohio Dec. 30, 2025) ("The FCRA requires [credit reporting agencies] to 'clearly' and 'accurately' disclose '[a]ll information in the consumer's file' upon an appropriate request.") (citing 15 U.S.C. § 1681g(a)(1)); *Blevins v. Equifax Info. Servs., LLC*, No. 25-CV-23481, 2025 WL 3753990, at *3 (S.D. Fla. Dec. 29, 2025) (denying motion for judgment on the pleadings where the "alleged omissions hinder[ed] [the plaintiff's] ability to verify the accounts and dispute potential inaccuracies").

Given the stage of the proceedings, Nevels's allegations are sufficient to survive TransUnion's motion to dismiss her failure-to-disclose cause of action.

8

Plaintiff alleges that, in response to her request for her complete file, TransUnion simply provided a credit report. Am. Compl. ¶ 32. Under these circumstances, the statute may require more pursuant to 15 U.S.C. § 1681g(a), making disposition at the pleading stage inappropriate.

Moreover, while the parties dispute whether TransUnion acted willfully, *see* TransUnion Mem. at 9, Pl.'s Opp'n at 7-8, this issue is not relevant at the motion to dismiss stage, as the FCRA permits recovery for both willful and negligent noncompliance. 15 U.S.C. §§ 1681n, 1681o; *see Suluki v. Credit One Bank, N.A.*, 138 F.4th 709, 721 (2d Cir. 2025) ("To recover damages, a plaintiff must show that the violation of the FCRA was willful or negligent."). Accordingly, TransUnion's alleged willfulness is an issue to be addressed in discovery and is not appropriately decided on a motion to dismiss. Based upon the foregoing, the Court respectfully recommends that TransUnion's motion to dismiss be denied with respect Plaintiff's second cause of action against TransUnion.

## C. Improper Illegible Response

Nevels also alleges that TransUnion violated the FCRA by "improperly characterizing [her] clearly typewritten statutory request as 'illegible' and failing to process a valid file disclosure request." Am. Compl. ¶ 29. The legibility of Plaintiff's request does not constitute a separate cause of action under 15 U.S.C. § 1681g(a), and Nevels does not cite authority establishing otherwise. In any event, even if TransUnion improperly deemed Plaintiff's request illegible as Plaintiff alleges, the relief sought is encompassed by her failure-to-disclose cause of action addressed

above.   For these reasons, Nevels's claim that TransUnion deemed her request illegible is not a viable claim for relief, and the Court recommends that TransUnion's motion be granted with respect to this cause of action.  *See, e.g.*, *Grayson v. Equifax Credit Info. Servs.*, No. 18-CV-6977(MKB), 2021 WL 2010398, at \*11 (E.D.N.Y. Jan. 29, 2021) ("Because Plaintiff has not pled any facts in support of his claim or indicated why it is not duplicative of his other claims, the Court dismisses this claim.").

### D.      Leave to File Second Amended Complaint

Finally, Plaintiff requests leave to file a second amended complaint if the Court grants TransUnion's motion.  *See* Pl.'s Opp'n at 9.  As described above, the only cause of action for which the Court recommends dismissal is that related to the legibility of Plaintiff's request for her claim file.  Having concluded that this cause of action is not recognized under the applicable statute and is encompassed by Plaintiff's failure-to-disclose cause of action against TransUnion, the Court recommends that Nevels's request for leave to amend be denied.  *See Kalyna v. City of New York*, No. 16-CV-273(AMD)(CLP), 2018 WL 1342488, at \*2 (E.D.N.Y. Feb. 28, 2018) ("A motion to amend is properly denied where the proposed amendment would be futile as a matter of law . . . ."); *Arnold v. Rsch. Found. for the St. Univ. of New York*, 216 F. Supp. 3d 275, 285 (E.D.N.Y. 2016) (denying motion to amend to add duplicative claim); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08-CV-4207(JFB)(WDW), 2012 WL 1038804, at \*10 (E.D.N.Y. Mar. 28, 2012) ("[P]laintiffs . . . have failed to explain how any amendment could possibly state a plausible legal claim.  Thus, the Court declines to grant leave to re-plead.").

## IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that TransUnion's Motion to Dismiss be granted in part and denied in part.  The Court recommends that TransUnion's motion to dismiss Plaintiff's first cause of action alleging the legibility of her request for her file be granted.  The Court recommends that TransUnion's motion to dismiss Plaintiff's second cause of action for failure to disclose her file be denied.  The Court does not recommend that Plaintiff be granted further leave to amend the Amended Complaint.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served by electronic filing on the date below.  TransUnion is instructed to serve Nevels with a copy and immediately file proof of service via ECF.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of service.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
            May 5, 2026

                        /s/ Steven I. Locke
                        STEVEN I. LOCKE
                        United States Magistrate Judge

11